FILED
2008 Sep-23 PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **NEAL M. HUGHES,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case. No.: 3:07-CV-0613-JHH** |
| } | |
| **MICHAEL J. ASTRUE,** } | |
| **Commissioner of Social Security,** } | |
| } | |
| **Defendant.** } | |

**MEMORANDUM OPINION**

Plaintiff, Neal M. Hughes, brings this action pursuant to Section 205(g) of the Social Security Act ("the Act") seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Title XVI. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons outlined below, the court finds that the decision of the Commissioner is due to be reversed and remanded.

**I.      Proceedings Below**

Plaintiff protectively filed his applications for DIB and SSI benefits on January 26, 2005, alleging that he became unable to work on November 17, 2004, due to AIDS, CNS pathology, depression, anxiety, fatigue, poor short term memory, and high blood pressure. (R. 54-59, 151, 162, 165-67, 178-80, 306-07). Plaintiff had acquired sufficient quarters of coverage to remain insured through March 31, 2007. (R. 22).

Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), which was held on June 27, 2006. (R. 35-41, 315-60). At the hearing, Plaintiff and Vocational

Expert Barbara Azzam (the "VE") both provided testimony for the ALJ to consider. (R. 315-60). Plaintiff testified that his symptoms, which began in late 2004 and continued thereon, included: limited use of his dominant right arm and hand resulting from a stroke, short-term memory loss, explosive anger and emotional outbursts occurring about every couple of months, weight loss, frustration with people, high blood pressure occurring about twice a month when he feels light-headed with impaired vision, low energy attributed to medication side effects, fatigue, and poor balance. (R. 321, 337, 338, 340-43, 351-53). He reported that due to limited use of his right arm and hand, "I've basically had to learn to do everything left-handed related to hygiene," and he has reduced his handwriting to printing small notes with his right hand. (R. 349, 351). Plaintiff testified that he can lift about five pounds with his right hand and 15 pounds with his left hand, can sit "about an hour" and stand for 15 minutes, and can walk less than a mile, which would take about an hour. (R. 350, 352). Plaintiff described that a typical day consists of "most of the time either sitting in a chair or else flat on my bed," watching television, watering garden plants, walking his sister's dog in the morning and afternoon, reading and researching an article he is trying to write, occasionally attending church, cooking maybe three meals a week, doing laundry twice a week, and napping in the morning and afternoon. (R. 343-49, 353). Regarding the article he is trying to write, Plaintiff admitted that he has been working on it for a year and "I have one page done, That's the intro," because he cannot stay on task. (R. 354, 355). Plaintiff's family helps him with household tasks and grocery shopping. (R. 348, 349).

In his August 9, 2006 decision, the ALJ determined that although Plaintiff suffers from HIV dementia status-post cerebrovascular accident, cognitive disorder, and depressive disorder, which are severe medically determinable impairments, he nevertheless is not eligible for DIB or SSI

benefits because he does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments and he retains the residual functional capacity ("RFC") to perform "sedentary to light work activity." (R. 24-28). At the time of the ALJ's decision, Plaintiff was forty-five years old with graduate-level education and past relevant work experience as a reactor operator (skilled, sedentary work as described by Plaintiff, but medium work according to the Dictionary of Occupational Titles ("DOT") # 952.362-022), "teacher aide I"(skilled, light work pursuant to DOT# 099.327-010), library aide (skilled, light work according to DOT# 249.367-046), cashier II (unskilled, light work pursuant to DOT # 211.462-010), and waiter (semi-skilled, light work according to DOT# 311.477-030). (R. 328, 329).

On October 3, 2006, Plaintiff requested review of the ALJ decision by the Appeals Council. (R. 8-19). After the Appeals Council denied Plaintiff's request for review on January 29, 2007, (R. 4-6), that decision became the final decision of the Commissioner and therefore a proper subject of this court's appellate review.

## II.     ALJ Decision

Determination of disability under the Social Security Act requires a five-step analysis. *See* 20 C.F.R. § 404.1 *et. seq.* First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. The claimant's residual functional capacity consists of what the claimant can do despite his impairment. Finally, the Commissioner determines

whether the claimant's age, education, and past work experience prevent the performance of any other work. In making a final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and the residual functional capacity are the same as the criteria listed in the Appendix. If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will provide no further review of the claim.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that [s]he can no longer perform h[er] former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that he can no longer perform his past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

As noted earlier, the ALJ determined that Plaintiff's severe impairments of HIV dementia status-post cerebrovascular accident, cognitive disorder, and depressive disorder fail to meet or medically equal the criteria of an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1, regardless of whether those impairments are considered alone or in combination. (R. 24-28). According to the ALJ, Plaintiff's subjective complaints concerning his impairments and their impact on his ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record and because "the treatment he has received has essentially been routine and/or conservative in nature and has been generally successful in controlling his symptoms." (R. 24, 28).

Relying on the hypothetical question colloquy with the VE, the ALJ found that Plaintiff could perform "sedentary to light work activity" which does not preclude performance of his past job as

a "teacher's aide I," as well as performance of other jobs including data entry clerk, research assistant, surveillance system monitor, or photo finisher. (R. 20-30). In making his findings, the ALJ's decision indicates that he gave little or no weight to the opinion of AIDS treatment specialists Theresa Coomer, M.D., and Sherri Shipman, CRNP, that Plaintiff could not work due to HIV dementia. (R. 29). The ALJ also agreed with, but gave "little weight" to, the opinion of the State Agency's medical consultants and accepted the vocational expert testimony. (R. 29, 30). Thus, the ALJ concluded that Plaintiff was not under a disability at any time through the date of the decision. (R. 30).

### III.     Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration. Specifically, Plaintiff contends that: (1) the ALJ's conclusory finding that Plaintiff's HIV dementia does not meet the requirements of Listing 14.08 is not supported by substantial evidence; (2) the ALJ's finding that Plaintiff can perform sedentary to light work activities is not supported by the opinions of any physicians of record and, as such, cannot be based on substantial evidence; and (3) remand is required under Social Security Ruling 00-4p to resolve the conflict between the vocational expert and the DOT. (Doc. # 11, at 14-26). Because the court is persuaded by Plaintiff's first argument for reversal and remand, it finds that the ALJ's decision denying Plaintiff benefits is due to be reversed and remanded for further consideration in accordance with this opinion.

**IV.   Standard of Review**

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**V.   Discussion**

Plaintiff's first argument - and the only contention the court need address because it is dispositive - is that the ALJ's conclusory finding that Plaintiff's HIV dementia does not meet the

6

requirements of Listing 14.08 is not supported by substantial evidence.  Because the court finds that the ALJ's decision is due to be reversed and remanded on this ground, it need not reach the other arguments Plaintiff presents on appeal.[1]

As outlined earlier, step three of the sequential evaluation process *directs* a finding of disability if Plaintiff's impairments meet or equal a listed impairment. *See* 20 C.F.R. § 404.1520(d). In other words, the listings set forth conditions that are so severe that, if a listing is met or equaled, a plaintiff is considered disabled without regard to vocational considerations.  In all cases, the plaintiff bears the burden to prove that, prior to the expiration of his insured status, he satisfied or equaled the requirements of a listing. *Wilkinson o/b/o Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir.1987). If a plaintiff contends that he *meets* a listing, that burden requires that he "present *specific medical findings* that meet the various tests listed under the description of the applicable impairment." *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir.1986)(emphasis added).  In the alternative, if a plaintiff "contends that he has an impairment which is *equal* to one of the listed impairments, [he] must present medical evidence which describes how the impairment has such an equivalency." *Bell*, 796 F.2d at 1353 (emphasis added).[2]

---

[1] It is entirely possible that Plaintiff's other objections to the ALJ decision will be cured after reversal and remand.

[2] Medical equivalence will be found when "the medical findings are at least equal in severity and duration to the listed findings." 20 C.F.R. § 404.1526(a). Medical equivalence is based upon medical evidence only, and "[a]ny medical findings in the evidence must be supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1526(b). The Supreme Court has held that: [f]or a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990).

Listing 14.08 - which Plaintiff contends he meets - requires the presence of HIV encephalopathy[3] that is "characterized by cognitive or motor dysfunction that limits function and progresses." 20 C.F.R. Part 404, Subpt. P, App. 1, § 14.08H. (Doc. # 11, at 14-18). The only portion of the ALJ's opinion addressing whether Plaintiff satisfies the requirements of Listing 14.08 summarily states that the "[m]edical record indicates that laboratory test results and other medical records indicate that the claimant's impairment does not meet the requirement of Listing 14.08 regarding human immunodeficiency virus (HIV)." (R. 27). The court recognizes that the ALJ is not required to cite to particular regulations, cases, phrases, or formulations when outlining his findings and the rationale therefore. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987). However, this Circuit has made clear that "[t]here must be sufficient recorded evidence of the *ratio decidendi* so that [a reviewing court] can determine on the merits whether a claim is 'rational and supported by substantial evidence.'" *Powell on Behalf of Powell v. Heckler*, 773 F.2d 1572, 1576 (11th Cir. 1985)(quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). In this case, the ALJ's cursory statement regarding Listing 14.08 does not meet that burden as it does nothing more than state a conclusion without any explanation of how the medical evidence of record supports that finding.

With only a perfunctory statement regarding Plaintiff's failure to meet Listing 14.08, it is very difficult for this court to determine if that finding is supported by substantial evidence. Indeed, for this court to accept the ALJ's conclusion without so much as a glimpse into his decision-making process, it must be patently obvious that the record lacks "specific medical findings," *Bell*, 796 F.2d

---

[3] Encephalopathy is defined as a generalized brain dysfunction which is marked by "varying degrees of impairment of speech, cognition, orientation, and arousal." TABER'S CYCLOPEDIC MEDICAL DICTIONARY 698 (20th ed. 2005).

8

at 1353, that Plaintiff has HIV encephalopathy with "cognitive or motor dysfunction that limits function and progresses." 20 C.F.R. Part 404, Subpt. P, App. 1, § 14.08H.  To the contrary, the medical evidence certainly intimates Listing 14.08, if not satisfies it. Records from Dr. Zoltnich-Hale, Plaintiff's physician, documented the presence of HIV Encephalopathy on February 15, 2005 (R. 227-229), while MRIs conducted in November 2004 and March 2005 seem to illustrate the progressive nature of Plaintiff's AIDS dementia. (R$. 201, 239).[4] Indeed, following the latter MRI, the AIDS Action Coalition Clinic diagnosed Plaintiff with HIV dementia and memory loss due to central nervous system atrophy. (R. 225; *see also* 221, 222, 235, 274, 282).

In addition to brain scans, the record also contains treatment notes documenting the progression of Plaintiff's cognitive dysfunction and short-term memory loss.  Dr. Jannum, Plaintiff's psychiatrist, reported in January 2005 that Plaintiff could no longer perform his work as a librarian at a university because he became paranoid, stopped taking care of himself, was "getting lost," and could not perform functions which did "not even require any level of education or intelligence." (R. 210).  In May 2005, Registered Nurse Practitioner Shipman[5] observed Plaintiff's deficiencies in attention span, short term memory, the ability to retain new information, and the ability to recognize

---

[4] In November 2004, an MRI scan showed "some [advanced] small vessel disease changes of the brain." (R. 201). Four months later in March 2005, a second brain scan revealed further decline in Plaintiff's condition and increasing shrinkage of his brain, specifically worsening diffuse cerebral atrophy and white matter demyelinatin and also a focal acute area of edema in the posterior left temporal lobe. (R. 239).

[5] Social Security Ruling 06-3p clarifies how an ALJ should treat the opinions of individuals who are not "acceptable medical sources," including registered nurse practitioners. SSR 06-03p, 2006 WL 2329939 (S.S.A. 2006). This Ruling recognizes that, under certain circumstances, an opinion from a "non-medical source" who has seen a plaintiff more often than other sources, has greater knowledge of the individual, and is consistent with the other evidence, may "properly be determined to outweigh the opinion from a medical source, including a treating source." SSR 06-03p, 2006 WL 2329939 (S.S.A. 2006).

deficits, and she indicated that Plaintiff's HIV dementia was "most likely permanent" given that highly active anti-retroviral therapy might slow, but could not restore, the progressive decline of Plaintiff's cognitive abilities. (R. 222). In March 2006, Dr. Theresa Coomer confirmed the diagnosis of HIV dementia as a "progressive disorder despite treatment." (R. 221). Plaintiff's memory problems were also confirmed by Dr. Jon Rogers, the consultative psychologist hired by the State Agency, who administered the Wechsler Memory Scale (Third Edition) that revealed a focal memory deficit in Visual Immediate and Visual Delayed testing. (R. 217). Dr. Rogers specifically commented that Plaintiff's short-term memory problems would be an obstacle to employment, diagnosing him with Cognitive Disorder NOS due to HIV pursuant to DSM IV 294.9. (R. 217-218).

Given the evidence outlined above, the ALJ's failure to provide even a cursory explanation for his determination under Listing 14.08 - much less an outline of the key rationale points leading to that finding - prevents this court from concluding that the ALJ's opinion is supported by substantial evidence. It is certainly possible that the ALJ's decision to discredit certain of the medical opinions outlined above led him to determine that there is insufficient evidence of a diagnosis of HIV encephalopathy, or that any cognitive dysfunction Plaintiff experiences does not limit function, or that his condition is not progressing. However, the decision does not so indicate and the evidence, when viewed without the benefit of that analysis, suggests otherwise. Therefore, this court is left to guess why the ALJ found that Plaintiff's impairments fail to meet the requirements of Listing 14.08. "Where [the court] cannot determine from the ALJ's opinion whether the ALJ applied the statutory requirements and the Secretary's regulations as construed by this circuit, [the court] cannot effectively perform [its] duty to ensure that the proper regulatory requirements were in fact applied." *Jamison*, 814 F.2d at 588-89.

Accordingly, given the lack of clarity in the ALJ's decision, and considering the amount of record evidence related to Listing 14.08 that must be analyzed in the context of that Listing's requirements, the court is left with no choice but to remand this case with instructions to evaluate whether Plaintiff satisfies the requirements of Listing 14.08, including procuring additional medical expert testimony, if necessary, to determine whether this Listing is met or equaled.[6]

## VI.   Conclusion

For the reasons outlined above, the court concludes that the ALJ's determination that Plaintiff is not disabled is due to be reversed and remanded for further proceedings consistent with this memorandum opinion.  A separate order will be entered.

**DONE** this the   23rd   day of September, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] As Plaintiff points out, the State Agency RFC assessment evaluating his physical impairments was not, in fact, completed by a physician, but by a lay disability specialist. (R. 242-249). As such, no medical expert has reviewed the evidence on behalf of SSA to render an opinion in the first instance regarding whether this Listing was met or equaled. It may be appropriate, therefore, for the ALJ to commission another medical opinion related to this Listing.